UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
MIAMI DIVISION

CASE NO. 14-cv-23850-XXXX

YOURY TUNDIDOR,

    Plaintiff

v.

MIAMI-DADE COUNTY and
MIAMI-DADE WATER AND SEWER DEPARTMENT,

    Defendants.
_____/

**COMPLAINT IN ADMIRALTY**

**COMES NOW,** Plaintiff, YOURY TUNDIDOR, by and through his undersigned counsels, and hereby sues the Defendants MIAMI-DADE COUNTY and MIAMI-DADE WATER AND SEWER DEPARTMENT. In support thereof, Plaintiff alleges as follows:

**Preliminary Allegations**

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, 28 U.S.C. § 1333, and 28 U.S.C. § 1367.

2.    At all times material hereto, Plaintiff, YOURY TUNDIDOR, is a citizen and resident of Miami-Dade County, Florida.

3.    At all times material hereto, Defendant, MIAMI-DADE COUNTY, is a political subdivision of the state of Florida.

4.    At all times material hereto, Defendant, MIAMI-DADE WATER AND SEWER DEPARTMENT, is a department of Miami-Dade County. Miami-Dade Water and Sewer Department was created and exists under the Home Charter Rules of Miami-Dade County.

*Youry Tundidor v. Miami-Dade County, et al.*
*Complaint In Admiralty*
*Case No. 14-cv-23850-XXXX*

5.      The acts of the Defendants set out in this Complaint occurred, in whole or in part, in the state of Florida and/or Miami-Dade County.

6.      Defendants, Miami-Dade County and Miami-Dade Water and Sewer Department, are subject to this Court's jurisdiction.

7.      On or about January 6, 1969, the Dade County Board of County Commissioners announced a policy of County acquisition and operation of all thirty-one (31) privately owned water and sewer systems operating within Miami-Dade County so as to create a unified public utility system. *Dade County v. General Waterworks Corp.,* 267 So. 2d 633 (Fla. 1972).

8.      On or about the year 1979, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, acquired General Waterworks Corporation (a Pennsylvania corporation) and/or its subsidiary or agent, General Waterworks of South Florida, Inc. (collectively hereinafter "General Waterworks"). General Waterworks was a privately owned company which owned, maintained, controlled, and/or operated water and sewer systems located in Miami-Dade County.

9.      Prior to the Defendants acquisition in 1979, upon information and belief, General Waterworks owned, maintained, controlled, and/or operated an aerial water line (bearing identification No. PC59) (hereinafter "subject water line") and an aerial sewer line (bearing identification No. PC 52) (hereinafter "subject sewer line") which crosses over a navigable canal waterway (hereinafter "Coral Park Canal waterway") and runs parallel to a canal bridge at Southwest 94th Avenue and Southwest 12th Street, Miami, Florida (hereinafter "Coral Park Canal Bridge"). The Coral Park Canal Bridge (bearing bridge identification No. 847398) lies between the subject water line and the subject sewer line. The subject sewer line is located on the north

side of the Coral Park Canal Bridge. The subject water line is located on the south side of the Coral Park Canal Bridge.

10. The Coral Park Canal waterway connects to the Tamiami Canal, which connects to the Miami River, which leads out to the Biscayne Bay and Atlantic Ocean. The Coral Park Canal, Tamiami Canal and Miami River are navigable waterways.

11. At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, owns, operates, controls, and/or maintains the Coral Park Canal Bridge, bearing bridge identification No. 847398.

12. At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, individually and/or collectively, owns, operates, controls, and/or maintains the six-inch (6") Main Water line (PC-59) and four-inch (4") Force Main Sewer line (PC-52).

13. At all times material hereto, the six-inch (6") Main Water line (PC-59) and/or the four-inch (4") Force Main Sewer line (PC-52) were, and still are, hidden obstructions and/or dangerous conditions to navigation on navigable waters.

14. On or about July 6, 2013, Plaintiff, Youry Tundidor, was a passenger aboard a vessel in navigable canal waterways located in Miami-Dade County, Florida.

15. On or about July 6, 2013, the vessel was travelling south on Miami-Dade County's Coral Park Canal waterway. The vessel was approaching the Coral Park Canal Bridge from the north side. While the vessel was passing the south side of the bridge, Plaintiff was struck without warning in the face and forehead by an aerial six-inch Main Water line. The collision ejected Plaintiff off the vessel and into the canal waterway.

16.     At all times material hereto, Plaintiff was without knowledge of the existence of subject water line located on the south side of the bridge.

17.     As a result of Defendants negligence, Plaintiff suffered severe permanent injuries.

18.     At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, had prior knowledge of the dangerous and/or hazardous conditions posed to persons navigating on the navigable canal waterway, including prior similar incidents involving the subject area of Plaintiff's incident.

19.     At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, had prior knowledge of persons navigating vessels and/or personal watercrafts, for recreational and/or business purposes, throughout the canal waterways of Miami-Dade County, including the Coral Park Canal waterway.

20.     At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, intentionally, willfully, and/or recklessly operated and/or maintained the Coral Park Canal Bridge, subject water line, and/or subject sewer line so as to prevent, minimize, and/or remove dangerous and hidden obstructions to navigation on Miami-Dade County navigable canal waterways, including the Coral Park Canal waterway. Defendants intentional, willful, and/or reckless acts described herein give rise to a claim for punitive damages.

21.     Defendants Miami-Dade County and Miami-Dade Water and Sewer Department have no federal and/or state sovereign immunity in matters of admiralty and maritime jurisdiction. *See Northern Ins. Co. of New York v. Chatham County,* 547 U.S. 189 (2006).

## **COUNT I – GENERAL NEGLIGENCE AGAINST ALL DEFENDANTS**

Plaintiff re-alleges, incorporated by reference, and adopts paragraphs one (1) through twenty-two (21) as though they were originally alleged herein.

22. On or about July 6, 2013, Plaintiff, Youry Tundidor, was a passenger aboard a vessel in navigable canal waterways located in Miami-Dade County, Florida.

23. At all times material hereto, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, owed a duty to use reasonable care under the circumstances, especially to persons, including the Plaintiff, navigating on Miami-Dade navigable canal waterways.

24. At all times material hereto, it was Defendants duty to not create obstructions to navigation on navigable waterways, including the Coral Park Canal waterway.

25. At all times material hereto, it was Defendants duty to use reasonable care in marking and/or maintaining the Coral Park Canal Bridge, subject water line, and/or subject sewer line so as to avoid the creation and/or existence of hidden dangerous conditions and/or hidden obstructions to navigation on the navigable canal waterway.

26. On or about July 6, 2013, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

27. Plaintiff was injured due to the fault and/or negligence of the Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, and/or its agents, servants, and/or employees, breach as follows:

    a. Failure to warn persons navigating in the canal waterway of hidden dangerous and/or hazardous conditions;

*Youry Tundidor v. Miami-Dade County, et al.*
*Complaint In Admiralty*
*Case No. 14-cv-23850-XXXX*

b. Providing inadequate warning to persons navigating in the canal waterway, including the Plaintiff, of hidden dangerous and/or hazardous conditions;

c. Failure to warn persons navigating in the canal waterway of the existence of the subject utility line;

d. Providing inadequate warning to persons navigating in the canal waterway, including the Plaintiff, of the existence of the subject utility line;

e. Failure to warn persons navigating in the canal waterway of the height and/or altitude of the subject utility line;

f. Providing inadequate warning to persons navigating on the canal waterway, including the Plaintiff, of the height and/or altitude of the subject utility line;

g. Failure to provide artificial lighting at or around the location of Plaintiff's incident so as to make the hidden dangerous condition(s) apparent to persons travelling on the canal waterway, in particular the Plaintiff;

h. Providing inadequate artificial lighting at or around the location of Plaintiff's incident so as to make the hidden dangerous condition(s) apparent to persons travelling on the canal waterway, in particular the Plaintiff;

i. Failure to mark and/or highlight the subject utility line;

j. Inadequately marking and/or highlighting the subject utility line(s);

k. Failure to remove and/or minimize obstructions to navigations in navigable canal waterways of Miami-Dade County;

l. Creating hidden dangerous and/or hazardous conditions to navigation in the navigable canal waterways of Miami-Dade County;

m. Failure maintain the subject canal bridge, subject water line, and/or subject sewer line in a reasonably safe condition for persons navigating on navigable canal waterways, including the Plaintiff;

n. Inadequately and/or improperly maintaining the subject canal bridge, subject water line, and/or subject sewer line in a reasonably safe condition for persons navigating on navigable canal waterways, including the Plaintiff;

o. Failure to inspect the subject canal bridge, subject water line, and/or subject sewer line for dangerous and/or hazardous conditions which pose an unreasonable danger to persons navigating on the navigable canal waterways, including the Plaintiff;

p. Inadequately inspecting the subject canal bridge, subject water line, and/or subject sewer line for dangerous and/or hazardous conditions which pose an unreasonable danger to persons navigating on the navigable canal waterways, including the Plaintiff;

q. Failure to comply with terms and/or requirements set forth in permits issued for the Coral Park Canal Bridge, subject water line, and/or subject sewer line.

r. Inadequately complying with the terms and/or requirements set forth in permits issued for the Coral Park Canal Bridge, subject water line, and/or subject sewer line.

s. Allowing dangerous and/or hazardous conditions to exist to navigation on the Coral Park Canal waterway despite Defendants prior knowledge of similar incidents involving the subject area of Plaintiff's incident;

t. Failure to construct, maintain, and/or change the subject utility line to a reasonably safe altitude and/or height;

u. Allowing the utility pipelines to exist under the minimum altitude and/or height requirement for aerial utility lines over navigable canal waterways;

v.  Creating an obstruction to navigation on the Coral Park Canal waterway;

w.  Allowing an obstruction to navigation to exist on the Coral Park Canal waterway;

x.  Failure to maintain the Coral Park Canal Bridge, subject water line, and/or subject utility line so as to prevent, remove and/or minimize obstructions to navigation on the Coral Park Canal waterway;

y.  Failure to mark, highlight, and/or identify the location and/or existence of obstructions to navigation on the Coral Park Canal waterway;

z.  Inadequately marking, highlighting, and/or identifying the location and/or existence of obstructions to navigation on the Coral Park Canal waterway;

aa. Failure to provide adequate lighting so as to highlight and/or identify the location and/or existence of obstructions to navigation on the Coral Park Canal waterway including but not limited to the subject water line and/or subject sewer line;

bb. Failure to promulgate and/or enforce adequate policies and/or procedures so as to maintain reasonably safe conditions on or around the subject canal waterway, subject canal bridge, and/or the subject utility line(s); and/or

cc. Failure to take corrective measures despite prior similar incidents.

dd. Failure to comply with any and all applicable federal statutes, regulations, and/or ordinances, including but not limited to, 33 U.S.C. § 403.

ee. Failure to correct the hazard(s) which caused Plaintiff's incident;

ff. Utilizing inadequate corrective measures to correct the hazardous and/or unreasonably dangerous condition(s) which caused Plaintiff's incident;

gg. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff's incident;

hh. Failure to close off access to the subject area where Plaintiff's incident occurred until the dangerous and/or hazardous condition and/or obstruction to navigation has been removed and/or reasonably minimized, and/or;

ii. Failure to ascertain the cause of prior similar incidents happening on navigable waters so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident.

All of which caused and/or contributed to the Plaintiff being injured when he was struck by an aerial six-inch (6") aerial Main Water line while travelling on navigable waters.

28.　At all times material, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, had exclusive custody and control of the Coral Park Canal Bridge, subject water line, and/or subject sewer line.

29.　At all times material, Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, violated applicable federal statutes, regulations, and/or ordinances and/or permits issued for the Coral Park Canal Bridge, subject water line, and/or subject sewer line.

30.　Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

31.　As a result, all of the above caused and/or contributed to the Plaintiff being injured when he was struck by an aerial six-inch (6") aerial Main Water line while travelling on navigable waters.

32.　As a result of the negligence of Defendants, Miami-Dade County and/or Miami-Dade Water and Sewer Department, Plaintiff, Youry Tundidor, was injured about his body and

extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries. The Plaintiff also lost earnings and lost earning capacity both past and future. Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law, including punitive damages, against Defendants, Miami-Dade County and Miami-Dade Water and Sewer Department, and requests and advisory jury.

**Dated: October 17, 2014.**

*Respectfully submitted,*

LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204
E-mail: Jmargulies@lipcon.com
E-mail: Dvillarreal@lipcon.com

By:   *s/*David A. Villarreal
    **JASON R. MARGULIES**
    Florida Bar No. 57916
    **DAVID A. VILLARREAL**
    Florida Bar No. 100069